**TAYLOR DRUG STORES, INC.,**
**Plaintiff-Appellant,**

v.

**ASSOCIATED DRY GOODS CORPORA-
TION et al., Defendants-Appellees.**

**No. 76–1486.**

United States Court of Appeals,
Sixth Circuit.

Argued June 23, 1977.

Decided and Filed Aug. 12, 1977.

Charles G. Middleton, III, Albert F. Reutlinger, Middleton, Reutlinger & Baird, Louisville, Ky., for plaintiff-appellant.

John E. Tarrant, Bert T. Combs, Edwin S. Hopson, Louisville, Ky., for Associated Dry Goods.

Stuart A. Handmaker, K. S. Handmaker, Louisville, Ky., for Ben Snyder's Inc.

Kenneth L. Anderson, Louisville, Ky., for Sears & Roebuck Co.

Before EDWARDS and PECK, Circuit Judges, and WEINMAN,* Senior District Judge.

PER CURIAM.

Appellant Taylor Drug Stores, Inc., appeals from summary judgment entered for all defendants in a civil action which alleged violation of the Sherman and Clayton Antitrust Acts, 15 U.S.C. § 1 (1970), *as amended* (Supp. V, 1975); *id.* § 15 (1970). In 1969 at the beginning of the events which led to this litigation, appellant was a general drug company which operated approximately 20 drug stores in Jefferson County, Kentucky, and followed the practice of staying open on Sundays. Defendants-appellees, Retail Merchants Association, Associated Dry Goods Corporation, Ben Snyder, Inc., and Sears, Roebuck Company, decided to file a suit in the Jefferson County Circuit Court to keep plaintiff and others from continuing to do business on Sunday as to those portions of its sales which were non-necessities of life to which the Kentucky Sunday Closing Law applied. Ky.Rev.Stat. § 436.160.

After trial on the complaint filed by our current defendants, the Jefferson County Circuit Court issued first a temporary injunction (which was affirmed on appeal to the Kentucky Court of Appeals) and then a permanent injunction. The appeal of the permanent injunction was voluntarily dismissed by appellants, including Taylor Drug Stores, and the injunction was dissolved by agreement, when the Kentucky General Assembly amended the Sunday closing law mooting the issue. Act of February 25, 1972, ch. 18, [1972] Ky. Acts 44, *amending* Ky.Rev.Stat. § 436.160 (codified at Ky.Rev. Stat. §§ 436.160, .165).

Claiming damages represented by loss of profits when its business was diminished for three years while it was enjoined from Sunday operations, plaintiff Taylor Drug Stores filed the instant antitrust suit alleging that defendants had conspired to bring the Jefferson County injunction suit with the real motive of restraining Taylor Drug Stores, Inc.'s competition. The suit alleged that at the time of the Jefferson County Circuit Court litigation brought by defendants seeking to enforce the Kentucky Sunday Closing Law against plaintiff, some of the present defendants were themselves operating across the river in Indiana, in violation of the Indiana Sunday Closing Law.

On the filing of this antitrust complaint, and after the conducting of extensive discovery, motions for summary judgment were filed by defendants-appellees. In a careful opinion, the District Court granted defendants-appellees' motion for summary judgment as to Count II of the complaint.[1] While relying upon the general exception to the antitrust laws first defined in *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961), and *United Mine Workers v. Pennington*, 381 U.S. 657, 669–72, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965), he also recognized and discussed the holding of the Supreme Court in *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). In the latter case the Supreme Court held that concerted action by petitioners to institute both state and federal litigation to resist and defeat applications by respondents to acquire trucking operating rights could represent antitrust violations regardless of the general right of all citizens to

---

* Honorable Carl A. Weinman, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

1. Count I of the complaint had previously been dismissed and is not at issue in this appeal.

have access to the courts. In *California Motor Transport* the Court said:

> A combination of entrepreneurs to harass and deter their competitors from having "free and unlimited access" to the agencies and courts, to defeat that right by massive, concerted, and purposeful activities of the group are ways of building up one empire and destroying another.

*Id.* at 515, 92 S.Ct. at 614.

The District Court noted, however, that in our instant case the actions of the present defendants-appellees in the 1969 litigation represented "one lawsuit in which they were successful at all levels [where they sought] the enforcement of a statute which had been previously declared Constitutional by the highest court of Kentucky."

■ We agree with plaintiff-appellant that summary judgment is rarely an appropriate response to antitrust litigation, since such litigation so frequently turns upon disputed issues of fact. In our instant case, however, we find the following colloquy between one of the counsel for defendants-appellees and Mr. William Hayward Harrison, the President of plaintiff Taylor Drug Stores, Inc., plaintiff-appellant in this cause:

481. Mr. Harrison, was there—do you have any facts or knowledge of any steps taken by any of the defendants in this case to keep you from buying merchandise or keep you from getting, when you wanted it, any merchandise that you had a purchase order outstanding with every one of your suppliers?

A. No.

482. Do you know of any facts to support any claim that any attempt was made to control your sources of supply by the defendants in this case, or any member of the—

A. (Interrupting) I don't think we have—no such—no such thing ever happened. I don't think that allegation was ever made or suggested.

483. It is alleged in the Amended Complaint that has been filed on behalf of your company, among other things, that one of the bad things our defendants

are accused of doing is conspiring to restrain you by—your company and others—including co-conspirators—from competing with the defendants and requiring them to adhere to the trade practices which the defendants desire to impose on the marketing areas in which they operate.

Now, other than seeking to enforce the Sunday closing laws, do you have any knowledge of any facts to support any claim that any of the defendants got together, or individually, and attempted to impose upon your company any trade practices that they wanted your company to follow?

A. Other than Sunday closing; no.

Further, plaintiff-appellant has had over a year of discovery and at oral argument of this case, counsel for plaintiff-appellant was unable to point out to this court a single issue which we were able to recognize as an issue of fact (as opposed to an issue of law) which would be available for trial if we were to vacate the summary judgment and remand for trial.

■ We find ourselves in agreement with the District Court that defendants-appellees' Jefferson County Circuit Court suit commenced in 1969 against plaintiff-appellant in this cause was not a sham. They had a constitutional right of access to the state courts to enforce a state law which had previously been upheld by the highest court of the state. The record clearly discloses that they prevailed in that litigation in the state trial court and that that judgment was never overturned on appeal. This was the only suit initiated by defendants-appellees then or later against plaintiff-appellant Taylor Drug Stores, Inc. For these reasons and for the detailed reasons set forth in Judge Allen's memorandum opinions, dated March 24, 1974 and January 23, 1976, we affirm the summary judgment entered in this case. This case is clearly distinguishable from *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). Defendants-appellees' 1969 Jefferson County Circuit Court suit against Taylor Drug

**214**

Stores, Inc., was concededly designed to eliminate Taylor Drug's Sunday competition. But such recourse to the courts to enforce a lawful statute was also within their rights under the First Amendment to the Constitution of the United States as those rights have been described in *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961), and *United Mine Workers v. Pennington*, 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965).

The judgment of the District Court is affirmed.